IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLFAQ, LLC, as general assignee of claims held by VIP Cinema Holdings, Inc.<br><br>Plaintiff,<br><br>v.<br><br>REGAL CINEMAS, Inc.<br><br>Defendant. | CASE NO. 22-cv-251<br><br>**COMPLAINT FOR:**<br>1) **BREACH OF CONTRACT;**<br>2) **OPEN BOOK ACCOUNT; and**<br>3) **COMMON COUNT FOR GOODS SOLD AND DELIVERED** |

Plaintiff SLFAQ, LLC ("SLFAQ" or "Plaintiff"), as general assignee of claims held by VIP Cinema Holdings, Inc. ("VIPC" or "Assignor"), by and through undersigned counsel, files this Complaint against Defendant Regal Cinemas, Inc. ("Regal" or "Defendant") (collectively with SLFAQ, excluding VIPC, the "Parties") alleging as follows:

1. This is a complaint for breach of contract, open book account and common counts arising from the parties' formation of a number of agreements for the sale and purchase of seats for Defendant's movie theater in New York City.

2. After placing purchase orders for custom-made movie seats with Assignor VIPC, and after VIPC having fulling performed on those purchase orders, delivering the seats and issuing invoices, Defendant failed to pay for the goods.

3. VIPC subsequently filed for protection under Chapter 11 of the United States Bankruptcy Code, and the claim that forms the basis of the instant action was assigned to Plaintiff SLFAQ.

I. THE PARTIES

4. Plaintiff SLFAQ is a limited liability company formed under the laws of the State of Delaware, having members that are all citizens of the State of New York.

5. Assignor VIPC, prior to its liquidation in 2020, was a corporation organized under the laws of Mississippi with its principal place of business located in Mississippi.

6. Upon information and belief, Defendant Regal as a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of Delaware and New York (which was assigned claims by Assignor who was a citizen of Mississippi), Defendant is a citizen of Tennessee, and the amount in controversy exceeds $75,000.

8. This Court has general and specific personal jurisdiction over Defendant because it operates a movie theater called "Regal Essex" located at 115 Delancey St. in New York City, which was the place of delivery of goods in the contracts that form the basis for this action.

9. This Court is a proper venue pursuant to 28 U.S.C. § 1291(b)(1), because Defendant's movie theater "Regal Essex" is located in this judicial district, and pursuant to 28 U.S.C. § 1291(b)(2), because a substantial part of the events or omissions giving rise to this action took place in this judicial district.

## III. NATURE OF THE ACTION

10. This is a complaint for breach of contract, open book account and common counts arising from the formation of a number of agreements for the sale and purchase of fixtures, namely movie theater seats, that occurred between Assignor VIPC, the manufacturer, and Defendant, the buyer.

11. Specifically, filling purchase orders issued by Defendant, in 2019 VIPC manufactured and delivered the theater seats to Defendant's New York City movie theater "Regal Essex," issuing the respective invoices (the "<u>Invoices</u>") for a total of $904,668.34.

12. At the time, Defendant had credits and adjustments against the Assignor to offset the Invoices in the total amount of $86,497.32.

13. Therefore, the total outstanding balance to be paid on the Invoices, now due and owing to Plaintiff, is $818,171.02.

## IV. FACTS COMMON TO ALL CLAIMS

14. VIPC was primarily in the business of manufacturing seating for movie theaters, with corporate clients around the United States and abroad, including Defendant.

15. Defendant operates a chain of movie theaters around the United States, including the Regal Essex theater in New York City.

16. On information and belief, Defendant was a major customer of Assignor, having purchased over 670,000 recliner movie seats from 2014 until Assignor's collapse in 2020.

17. In late 2018, Assignor issued the Invoices, numbered PUR-512307-3 and PUR-510581-3, covering the delivery of recliner seats to Defendant's New York City movie theater the "Regal Essex."  A true copy of the Invoices is included herein as **Exhibit A**.  Accounting for deposits paid by Defendant on the Invoices, the total outstanding due was $904,668.34.

18. To date, Defendant has not paid the outstanding balance of the Invoices.

19. On February 18, 2020, Assignor VIPC and other affiliated companies (together, the "VIP Debtors") filed for protection under Chapter 11 of the United States Bankruptcy code (*In re VIP Cinema Holdings, Inc.*, et al. (Bank. Del., Case no. 20-10345), the "Bankruptcy Proceedings").

20. On August 31, 2020, the VIP Debtors filed the *Motion of the Debtors For Entry of Orders (I) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests, and Encumberances, and (II) Granting Other Related Relief* (the "Motion").

21. The Motion sought the permission of the Bankruptcy Court to sell, among other assets, the Assignor's remnant assets to Plaintiff, including Assignors claims against third parties and outstanding trade receivables.

22. An Order approving the sale was entered on September 17, 2020 (the "<u>Remnant Sale Order</u>," a true copy of which is included herein as **Exhibit B**.). Pursuant to the Remnant Sale Order, Plaintiff became the owner of certain accounts receivable of the Assignor, including amounts owing to VIPC from Defendant Regal.

23. At the time of the Bankruptcy filing, Defendant owed Assignor VIPC the full amount of the Invoices - $904,668.34 - less adjustments and credits of $86,497.32.

24. Based on these facts, Defendant owes Plaintiff the outstanding balance of $818,171.02 for goods sold and delivered to Defendant by Assignor VIPC.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

25. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

26. In 2019, VIPC and Defendant entered into written agreements that consisted of purchase orders followed by VIPC's acceptance and full performance and issuance of the Invoices.

27. VIPC and Defendant intended to create, and did create, binding written contracts through these purchase orders, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

28. With respect to the ordered goods, the VIPC has performed all of its obligations under the purchase orders except for those that have been prevented, delayed, or excused by the acts or omissions of Defendant.

4

29. While VIPC has performed all of its obligations under the agreements, Defendant has failed to perform its payment obligation and currently owes VIPC $818,171.02.

30. Plaintiff subsequently acquired the rights to VIPC's $818,171.02 claim against Defendant through the Remnant Sale Order.

31. Because of Defendant's continuous and ongoing failure to perform their obligations to pay for the ordered goods, Plaintiff has the right to claim damages from Defendant in an amount to be proven at trial but not less than $818,171.02.

## SECOND CAUSE OF ACTION
## COMMON COUNT – OPEN BOOK ACCOUNT

32. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

33. Since 2019, VIPC had a number of financial transactions with Defendant.

34. VIPC kept an account of the debits and credits involved in the transactions.

35. Defendant owed VIPC $818,171.02 on the account, and subsequently sold the corresponding rights to that claim to Plaintiff through the Remnant Sale Order.

## THIRD CAUSE OF ACTION
## COMMON COUNT – GOODS SOLD AND DELIVERED

36. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

37. Beginning on or around 2019, Defendant requested by words or by conduct that VIPC deliver goods and/or fixtures for the benefit of Defendant.

38. VIPC delivered the goods and/or fixtures as requested, but Defendant never paid.

39. Defendant owed VIPC $818,171.02 for the ordered goods at the time of the Remnant Sale Order, amount which is now owed to Plaintiff.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

40. For an award of damages against in an amount to be proven at trial but not less than $818,171.02;

41. For an award of all costs incurred by Plaintiff herein;

42. For any and all prejudgment interest; and

43. For such other and further relief as the Court may deem just, equitable or proper.

DATED this 11th day of January 2022

Respectfully submitted,

/s/ Zachary E. Mazur
SARACHEK LAW FIRM
Joseph E. Sarachek, Esq. (Bar No. 2163228)
joe@saracheklawfirm.com, (646) 517-5420
Zachary E. Mazur, Esq. (Bar No. 5706726)
zachary@saracheklawfirm.com (646) 519-4396
600 White Plains Road, Suite PH
Scarsdale, New York 10583